

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2005

# USA v. Howard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3163

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Howard" (2005). *2005 Decisions.* Paper 89.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/89

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-3163

UNITED STATES OF AMERICA

v.

STEVEN HOWARD,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 03-cr-00499
District Judge: The Honorable Petrese B. Tucker

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 16, 2005

Before: SLOVITER, SMITH, and VAN ANTWERPEN, *Circuit Judges*

(Filed: December 20, 2005)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

Steven Howard was indicted and charged with two counts of armed bank robbery

in violation of 18 U.S.C. § 2113(d) and two counts of using a firearm during a crime of

violence in violation of 18 U.S.C. § 924(c). Howard agreed to plead guilty to all four

counts. The written plea agreement stated that he "voluntarily and expressly waive[d] all

rights to appeal" his conviction, his sentence, or any other matter relating to his

prosecution unless the government appealed his sentence, his sentence exceeded the statutory maximum, or the sentencing judge erred by departing upward from the United States Sentencing Guidelines. During the plea colloquy, the District Judge asked if Howard had agreed to "waive or give up your right to appeal." He answered that he did. In response to the District Judge's inquiry as to whether he understood that aspect of the plea agreement, Howard replied in the affirmative. Howard also affirmed that he understood the limited exceptions to his waiver. Thereafter, the District Court sentenced Howard to 420 months of imprisonment.[1]

After filing a timely notice of appeal, Howard's counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).[2] In *Anders*, the Supreme Court held that the "constitutional requirement of substantial equality and fair process" necessitates that appellant's counsel vigorously act as an advocate for the defendant. 386 U.S. at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request, must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.* In *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), we reiterated that an

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. §1291 and 18 U.S.C. § 3742(a).

[2] Although Howard had the opportunity to file an informal brief pursuant to Third Circuit L.A.R. 109.2(a), he did not take advantage of that opportunity.

*Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous."

Here, counsel correctly asserted in his *Anders* brief that because Howard pleaded guilty, he is limited to asserting a constitutional right not to be haled into court on a charge, challenging the validity of the guilty plea, and attacking the legality of his sentence. *See United States v. Broce*, 488 U.S. 563, 574-76 (1989); 18 U.S.C. § 3742(a); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Counsel explained, with citations to the record, why none of these issues had merit.

In response to the notice of appeal, the government moved to enforce Howard's appellate waiver by dismissing the appeal. We declared in *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001), that "waivers of appeals, if entered into knowingly and voluntarily, are valid." We recognized, however, that some waivers may be invalidated if there is an error amounting to a miscarriage of justice. In determining whether an error warrants invalidating an appellate waiver, we observed that consideration should be given to the alleged error, its gravity, its character, the impact of the error on the parties, and the extent to which the defendant acquiesced in the result. *Id.* at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 25 (1st Cir. 2001)). In addition, we emphasized the importance of the district court's inquiry into whether the defendant understood the waiver and how it affected him. *Khattak*, 273 F.3d at 563.

As we noted above, the sentencing judge fulfilled her responsibility of verifying that Howard understood the appellate waiver and the limits it imposed. Our review of

3

Howard's plea colloquy failed to reveal any indicia that either his plea or his waiver was involuntary or unknowing. In light of counsel's *Anders* brief, which explains at length why there is no basis for appeal, we find no reason to set aside Howard's appellate waiver. Accordingly, we will grant the government's motion to enforce the appellate waiver and to dismiss this appeal. We will also grant counsel's motion to withdraw. We further certify that the issues presented in this appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R 109.2(b).